**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Leslie L. Hicks, Respondent,

v.

Justin Griffin, Appellant.

Appellate Case No. 2013-001553

Appeal From Anderson County
Joseph C. Smithdeal, Family Court Judge

Unpublished Opinion No. 2015-UP-078
Submitted November 1, 2014 – Filed February 18, 2015

**AFFIRMED**

Justin Griffin, pro se.

Leslie Hicks, of Belton, pro se.

**PER CURIAM:** Justin Griffin appeals the family court's order dismissing his action for failing to obtain an order of transportation and failing to serve the defendant. We affirm.

1. As to whether the family court denied Griffin access to the court by refusing to file a motion for transportation, a motion for reconsideration, and a motion to alter

or amend the judgment: "Except as provided by Rule 212 and Rule 208(b)(1)(C) and (2), the appellate court will not consider any fact which does not appear in the Record on Appeal." Rule 210(h), SCACR. Although Griffin alleges he attempted to file a motion for transportation, a motion to reconsider, and a motion to alter or amend the judgment, the record on appeal does not contain sufficient evidence to support Griffin's allegations. The record does not contain any of the motions Griffin alleges he filed. Further, it does not contain sufficient evidence showing Griffin attempted to file a motion for transportation. Although the record contains an agreement to debit Griffin's Cooper account[1] that is dated on the day Griffin alleges he mailed the motion for transportation, the form only includes Griffin's name, his Department of Corrections number, his housing unit, and the date; it does not include any other information showing anything was mailed by Griffin on that day. We find the form does not constitute sufficient evidence that Griffin attempted to file a motion for transportation. Further, we find the correspondence between Griffin and the Department does not sufficiently establish that Griffin attempted to file a transportation motion with the family court. Thus, the record does not sufficiently show Griffin actually attempted to file a transportation motion with the family court.

The only evidence in the record pertaining to Griffin's attempt to file a motion for reconsideration and a motion to alter or amend the judgment are letters from the Anderson County clerk of court. Although those letters indicate the clerk is returning documents to Griffin because the case was dismissed, the letters do not indicate the nature of the documents. Thus, we find the letters do not constitute sufficient evidence that Griffin filed any post-judgment motions. Griffin's failure to include sufficient evidence in the record that he filed a motion for transportation, a motion for reconsideration, and a motion to alter or amend the judgment precludes this court's consideration of whether the family court denied Griffin access to the court by refusing to file motions.

2.      As to whether the family court erred in dismissing Griffin's action: The record on appeal does not contain sufficient proof showing Griffin served the

---

[1] "[E]very inmate in the [South Carolina] Department of Corrections has a Cooper Trust Fund Account that allows him/her to make purchases in the institution." *Sending Money to an Inmate*, South Carolina Department of Corrections, http://www.doc.sc.gov/pubweb/family/SendingMoney.jsp (last visited February 3, 2015).

underlying summons and complaint on Hicks. Although Griffin submitted a proof of service alleging he personally served Hicks, the rules of civil procedure do not allow a party to an action to personally serve the opposing party. *See* Rule 4(c), SCRCP ("Service of summons may be made by the sheriff, his deputy, or by any other person not less than eighteen (18) years of age, not an attorney in or a party to the action."). Griffin could have served Hicks by mailing the summons and complaint to her via certified mail, return receipt requested and delivery restricted to her; however, he has conceded he did not send it through certified mail. *See* Rule 4(d)(8) ("Service of a summons and complaint upon a[n individual] defendant . . . may be made by the plaintiff . . . by registered or certified mail, return receipt requested and delivery restricted to the addressee."). Because Griffin failed to file proof of proper service, the family court did not abuse its discretion in dismissing this action. *See* Rule 5(d), SCRCP ("Proof of service shall be filed within ten (10) days after service of the summons and complaint. Upon failure to serve the summons and complaint, the action may be dismissed by the court on the court's own initiative or upon application of any party.").

**AFFIRMED.**[2]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.